UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DISTRICT OF COLUMBIA
CIVIL DIVISION

Sharif Shafi,  )
    Plaintiff  )
  )
  )
v.  )  Civil Action No. 1:05CV01269
  )
Janet B. Hill, et al  )
    Defendant  )
  )

## MOTION TO FILE A SUPPLEMENTAL PLEADING

DISTRICT OF COLUMBIA, ss:

The defendant, Janet B. Hill disputes service and further states that the Default notice was improperly mailed to the defendant at 501 Mace Drive in Fort Washington, DC. 20744. The postman recognized the zip code and the Default notice was finally re-routed to the defendant at 501 Mace Drive in Fort Washington, Maryland 20745.

The defendant, Janet B. Hill further requests the court to re-issue another court date for continuation and final resolution of this matter and to forward it to the defendant at 501 Mace Drive in Fort Washington, Maryland 20745.

Thank you.

*[signature: Janet B. Hill]*
Janet B. Hill
Defendant

*[handwritten annotation: Copy mailed to Plaintiff / filed Action Pre-Se]*

RECEIVED
JAN 3 0 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Default - Rule 55A (CO 40 Revised-DC 02/00)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

SHARIF ALI SHAFI

_____
Plaintiff(s)

v.

Civil Action No. 05-1269 (RWR)

JANET HILL

_____
Defendant(s)

RE: Janet Hill

### DEFAULT

It appearing that the above-named defendant(s) failed to plead or otherwise defend this action though duly served with summons and copy of the complaint on   June 30, 2005  , and an affidavit on behalf of the plaintiff having been filed, it is this _23_ day of __January__, 2006 declared that defendant(s) is/are in default.

NANCY MAYER-WHITTINGTON, Clerk

By: _____
       Jackie Francis
       Deputy Clerk



Janet Hill
501 Mace Drive
Ft. Washington DC 20744

CLERK'S OFFICE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
U.S. COURTHOUSE
333 CONSTITUTION AVENUE, N.W.
WASHINGTON, DC 20001

OFFICIAL BUSINESS



**National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO**
1319 Locust Street, Philadelphia, PA 19107  (215) 735-1300  FAX (215) 735-9878
9-25 Alling Street, 4th Floor, Newark, NJ 07102  (973) 622-6556  1-800-526-9602  FAX (973) 622-6601

# MEMORANDUM

DATE: April 5, 2004

TO: Willie Smith, Christopher Leach, Mary Horne, Diana Flowers, Brenda Mathews-Davis, Rita Settles, Tyrone Thompson, Dorothea Galloway and McArthur Morrison

FROM: Mary G. Millar, Secretary, Vice President, National Union of Hospital and Health Care Employees, AFSCME, AFL-CIO    *mgm/dd*

RE: **NATIONAL UNION OF HOSPITAL AND HEALTH CARE EMPLOYEES, AFSCME, AFL-CIO TRIAL BOARD RULING ON CHARGES AGAINST CHRISTOPHER LEACH**

*******************************************************************

Pursuant to Article XIII of the National Union Constitution, Trial Board hearings were held on January 17 and March 6, 2004 to hear an appeal by Christopher Leach from a decision of a Local 2095 Hearing Board. The Trial Board consisted of National Union Vice Presidents Susan M. Cleary, Chair, Mary Lou Millar, Secretary, Barbara Blake, Marguerite Morrison and Ken Seaton-Msemaji.

On January 26, the Trial Board issued an Interim Ruling holding that because all of the Local 2095 Executive Board members were removed from office by competing factions (through procedures of questionable constitutionality) there were no Local officials who had the authority to hear the charges and were not directly interested. Likewise, at the District level, almost all of the Locals comprising the Executive Board of the District are either defunct, inactive or do not participate in the District Executive

*"Growing faster to serve you better"*

HENRY NICHOLAS, President
KATHY SACKMAN, Secretary-Treasurer
DONNA FORD, Executive Secretary
JOSEPH FRANKLIN, Secretary



VICE PRESIDENTS
Barbara Blake • Ray Brown • Susan Cleary
Michael Connair • Peter Gould • Fahari Jeffers
Carolyn V. Keys • Elizabeth Lujan • Delima MacDonald
Mary Lou Millar • Marguerite Morrison • Sonia Moseley
Dietmar Scholz • Ken Seaton-Msemaji • John J. Seddon

Board. Therefore, there was no elected body constitutionally capable of hearing and deciding the charges. Despite this, the appointment of a panel entirely made up of non-elected persons (one of whom has been challenged as a non-member) does not comply with AFSCME, District, NUHHCE and Local 2095 Constitutions and Bylaws. For this reason, the Trial Board held that the decision finding Christopher Leach guilty of all charges could not be sustained. The Trial Board's Interim Ruling went on to state that the Trial Board was extremely concerned about the allegations presented in the underlying charges and that they could not be disregarded by the National Union. The Trial Board requested that specific documents and information be provided to it, which it deemed necessary to make a final determination.

Thereafter, information and documents were provided to the Trial Board and additional testimony was taken on March 6.

Charges filed by Diana Flowers-Hinnant against Local 2095 Secretary-Treasurer Christopher Leach alleged the following violations:

1. Disloyalty to the premise and mission of Local 2095.
2. Incompetence betrayed by the incumbents in the direction, coordination, guidance, supervision and functions associated with the Office of the President and the Office of the Secretary-Treasurer.
3. Corrupt or unethical practices of the incumbent(s).
4. Violation of the Constitution of Local 2095, AFSCME International and/or 1199 Metropolitan NUHHCE.
5. Failure to enforce the Collective Bargaining Agreement.

Based upon the exhibits and testimony presented on January 17 and March 6, the Trial Board makes the following ruling.

1. No evidence was presented that would support a finding of guilt on this charge.

2

2. The Trial Board found substantial evidence of incompetence in the financial affairs of the District, as well as failure to comply with the AFSCME Financial Standards Code. This evidence includes, but is not limited to, failure to prepare monthly operating statements of the financial transactions of the Local as required by Article VII, Section 4 of the Local 2095 Constitution; failure to provide or maintain receipts, invoices, and/or other documentation to support all disbursements; co-signing and receiving checks payable to himself which were not supported by receipts or other documentation; co-signing checks payable to other officers which were not supported by receipts or other documentation; discrepancies between bank statements, amounts of rebate checks, and monthly financial reports. In addition, the Trial Board is concerned about the inconsistent testimony concerning the "stipends" paid to officers of Local 2095 for approximately 5 months in 2003. It is unclear whether these stipends were intended to cover out-of-pocket daily expenses such as parking, or were in addition to such expenses. It is noted, however, that the payment of stipends ceased after the January 17 hearing.

3. While the Trial Board finds that Christopher Leach failed to follow proper financial practices and received reimbursements for which he did not produce receipts or other documentation, the Trial Board did not receive sufficient evidence to conclude that Mr. Leach engaged in corrupt or unethical practices.

4. The Trial Board finds that Christopher Leach violated the AFSCME Financial Standards Code, which is binding upon every AFSCME affiliate.

5. The Trial Board finds that there was no evidence that Mr. Leach failed to enforce the collective bargaining agreement.

3

Pursuant to Article XIII, C. 8(a), the Trial Board has the authority to dismiss the complaint, impose a reprimand, censure, or other discipline up to and including expulsion, and/or a fine or make any other decision that it deems appropriate or necessary. The Trial Board notes that Mr. Leach has resigned from the position of Local 2095 Secretary-Treasurer effective January 31, 2004. In light of its findings in this case, the Trial Board concludes that it is necessary to (1) reprimand Christopher Leach; (2) declare Christopher Leach ineligible to run for or hold Union office for two years from the date of this decision. In addition, the Trial Board will request the National Union Auditor to determine the amount of money paid to Mr. Leach which is not substantiated by receipts, invoices and/or other documentation. Mr. Leach is ordered to refund to the Local 2095 treasury that amount determined by the National Union Auditor as not substantiated by receipts or other documentation.